# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| JEFFREY ALLMOND, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV423-149 |
| | ) | CR418-268 |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 137, to which objections have been filed, doc. 138.[1]  As discussed more fully below, Allmond's objection to the Magistrate Judge's analysis is meritless.[2]  Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  Doc. 137.

---

[1] The Court cites to the criminal docket in CR418-268 unless otherwise noted.

[2] The Magistrate Judge noted that Allmond's Objection appears to omit certain information.  *See* doc. 139.  Given the apparent omissions, the Magistrate Judge directed Allmond to supplement his Objection by no later than June 21, 2024.  *Id.* He did not do so.  The Court, therefore, proceeds to address his Objection as submitted.

As the Magistrate Judge summarized, Allmond was convicted of a single count of coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  Doc. 137 at 2; *see also* doc. 117.  His conviction was affirmed on appeal.  Doc. 137 at 2; *see also United States v. Allmond*, 817 F. App'x 887 (11th Cir. 2020).  He moved to vacate his conviction pursuant to 28 U.S.C. § 2255 on May 18, 2023.  Doc. 132.  The Government moved to dismiss.  Doc. 135.  The Magistrate Judge concluded that the Government's Motion should be granted to the extent that it concluded Allmond's Motion is untimely and substantively meritless.  *See generally* doc. 137 at 3-11.

Allmond's Objection asserts that the Magistrate Judge incorrectly concluded that his Motion was untimely because he rejected Allmond's argument that the Supreme Court's opinion in *Ruan v. United States*, 597 U.S. 450 (2022), triggered the commencement of the one-year statute of limitations under 28 U.S.C. § 2255(f)(3).  *See* doc. 138 at 2-3.  His argument is predicated upon the implicit contention that the Eleventh Circuit's opinion in *United States v. Daniels*, 685 F.3d 1237 (11th Cir. 2012) has, somehow, been abrogated by *Ruan*.  *See* doc. 138 at 3 (referring to *Daniels* as "then-existing Circuit precedent.").  That

2

contention, however, completely ignores the Magistrate Judge's determination that *Ruan* did not disturb the validity of *Daniels*, discussed below. He also does not address the authority, cited by the Magistrate Judge, that, even assuming *Ruan* plausibly applied, it was not made retroactively applicable to cases on collateral review. *See* doc. 137 at 5-6. Given that persuasive authority, the Court agrees with the Magistrate Judge's conclusion that Allmond's filing was not timely, pursuant to § 2255(f)(3), and was untimely, under § 225(f)(1).

Allmond's Objection also includes an argument that appears to arise from his confusion of the Government's Motion to Dismiss with the Magistrate Judge's Report and Recommendation. The Magistrate Judge specifically declined to address the Government's argument that Allmond's *Ruan*-based claims were all procedurally defaulted. *See* doc. 137 at 3; *see also* doc. 135 at 6-7. Allmond's argument that he can establish cause and prejudice to excuse a procedural default, is, therefore, irrelevant. *See* doc. 138 at 3.

Finally, Allmond's Objection includes what appears to be a response to the Magistrate Judge's determination that the claims asserted in his Motion are meritless, in addition to being untimely. *See*

doc. 138 at 2. However, the Objection does not address the Magistrate Judge's reasoning. *See id.* The Magistrate Judge noted that all three of Allmond's asserted grounds depend upon his contention that "after *Ruan*, conviction under [18 U.S.C.] § 2244(b) requires proof that the defendant knew his victims were underage." Doc. 137 at 7. The Magistrate Judge explained that, in *Daniels*, the Eleventh Circuit expressly rejected that contention. *See id.* at 8 (citing *Daniels*, 685 F.3d at 1250 ("Proof that the defendant knew the victim was under the age of eighteen is not required," for conviction under 18 U.S.C. § 2422(b)). As the Magistrate Judge recognized, courts have continued to apply *Daniels*' holding after *Ruan*. *Id.* (citing *United States v. Howell*, 2023 WL 6142356, at *3-*4 (M.D. Ga. Sept. 20, 2023)). The Magistrate Judge also relied on the persuasive authority of the Eighth Circuit's opinion in *United States v. Moreira-Bravo*, 56 F.4th 568 (8th Cir. 2022). *Id.* at 8-11. The Court agrees with the Magistrate Judge that *Moreira-Bravo*'s analysis is persuasive and, therefore, *Ruan* did not disturb *Daniels*' holding. Since *Daniels* remains binding, Allmond's "alleged lack of knowledge as to [the victim's] age cannot serve as a shield from conviction." *Daniels*, 685 F.3d at 1250. The Court, therefore, agrees

4

with the Magistrate Judge's conclusion that Allmond's asserted grounds are meritless.

In summary, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Doc. 137. The Government's Motion to Dismiss is **GRANTED**. Doc. 135. Allmond's § 2255 Motion, as amended, is **DISMISSED**. Docs. 132 & 134. The Clerk is **DIRECTED** to **CLOSE** civil action CV423-149 and enter the appropriate judgment of dismissal.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a

COA is **DENIED** in this case.[3]  Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Accordingly, movant is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

      **SO ORDERED** this __15__ day of July, 2024.

                                      _____

                                      **HON. LISA GODBEY WOOD, JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **SOUTHERN DISTRICT OF GEORGIA**

---

[3] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.